E-FILED
Thursday, 22 April, 2021  11:24:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NEAL HOLLINGSWORTH, )  <br>   Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROCK ISLAND SHERIFF'S OFFICE ) <br>  and MEND CORRECTIONAL CARE, ) <br>   Defendants ) | No. 21-4013 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, has filed a complaint pursuant to 42 U.S.C. §1983 which identifies two Defendants: the Rock Island County Sheriff's Office and Mend Correctional Care. Plaintiff's claims revolve around the care he received for coronavirus and the failure to release him from custody.

On November 19, 2020, Plaintiff told Nurse Lisa he was not feeling well, and he believed he had coronavirus symptoms. Plaintiff was moved out of his housing unit

1

and into a single cell in the booking area which was typically used for suicide watch. Plaintiff was tested for coronavirus on November 20, 2020 and his results were positive.

Plaintiff also says he suffers with asthma, but he remained in the cold cell for approximately five days without a shower, dirty living conditions, and a light on at all times. In addition, Plaintiff says he could not sleep due to the number of people coming in and out of the booking area. Plaintiff further claims he was denied any medication for migraines, fever, or other symptoms.

After four or five days, Plaintiff was moved to a segregation unit with other inmates who had also tested positive. Plaintiff remained in this area for 14 days. Plaintiff believes he should have been tested a second time to see if he still had the virus. However, Plaintiff does allege he still suffered with symptoms.

Plaintiff asked for a copy of his coronavirus test results, but he was told his attorney would have to request the records. Plaintiff believes jail staff intentionally kept the results from him to prevent his release. Plaintiff says he was the first male inmate to test positive and yet other inmates were released pending their court dates while he remained incarcerated.

There are several problems with Plaintiff's complaint. First, typically the Court determines whether to release an inmate based on the information provided. For instance, the Court would determine whether Plaintiff was eligible for release based on a number of factors including the charge he was facing, any criminal history, and his coronavirus test. Therefore, Plaintiff has not stated a claim against any jail staff member

based on Plaintiff's belief that he should have been eligible for release pending his court date.

Second, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights" in order to hold an individual liable under Section 1983, *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Furthermore, a Defendant cannot be held liable simple because the Defendant is a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions..."). Finally, Plaintiff has not articulated an official capacity claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In short, Plaintiff has failed to state a claim against either the Rock Island Sheriff's Office or MEND Correctional Care.

Plaintiff may be able to proceed with a claim alleging Defendants were deliberately indifferent to his serious medical condition, coronavirus, but he must identify the Defendants who were responsible for his claim. In addition, Plaintiff will not be able to proceed with his claims unless Defendants can be identified and served.

Did Plaintiff make any requests for medical care or discuss his living conditions? Who did he talk to or inform and when? What response did he receive? Did anyone else know Plaintiff had coronavirus, needed care, but was not receiving appropriate housing or medical care? How did they know? Does Plaintiff know who

was responsible for his cell assignment?  Did Plaintiff complain to anyone about his living conditions or did anyone know about his specific living conditions and the impact on his condition?

If Plaintiff is unsure of a Defendants' name, he must provide some description such as job title, when he saw the Defendant, the hours worked, male or female, and a description, if known.

Plaintiff's original complaint is therefore dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim against any Defendant. However, the Court will allow Plaintiff additional time to file an amended complaint clarifying his claim and Defendants.

Plaintiff has also filed a motion for appointment of counsel. [4].  Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received.  "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*

*v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motion is denied with leave to renew. [4].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A.

2) Plaintiff may file an amended complaint clarifying his claim and Defendants within 21 days of this order or on or before May 14, 2021. If Plaintiff does not file an amended complaint on or before May 14, 2021 or fails to follow the Court's directions, his case may be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew. [4].

4) Plaintiff is reminded he must IMMEDIATELY notify the Court in writing of any change in his mailing address and phone number. Failure to provide this information could result in the dismissal of this lawsuit.

5) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the merit review deadline within 30 days.

ENTERED this 22nd day of April, 2021.

                                      s/James E. Shadid
                                  _____
                                      JAMES E. SHADID
                             UNITED STATES DISTRICT JUDGE