E-FILED
Thursday, 29 July, 2021  02:25:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NEAL HOLLINGSWORTH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. No. 21-4013 |
| | ) | |
| ROCK ISLAND SHERIFF'S OFFICE | ) | |
| and MEND CORRECTIONAL CARE, | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [11].

I. BACKGROUND

Plaintiff's initial complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A. *See* April 22, 2021 Merit Review Order. Plaintiff had not identified the appropriate Defendants, nor had he indicated how any specific Defendants were involved in his claims.  In addition, Plaintiff failed to provide enough detail to clearly articulate a constitutional violation.  Therefore, Plaintiff was given additional time to file an amended complaint and directions to assist him in clarifying his claims.

Plaintiff has now filed his motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [11]

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has now identified five Defendants at the Rock Island County Jail including Dr. Brett Josie, Nurse Stephanie, Mend Correctional Care, Sergeant Allen, and Correctional Officer Chris Omelia.  The Court will dismiss the Rock Island County Sheriff's Office since it is no longer identified as a Defendant.

Plaintiff says on November 19, 2020, he informed Nurse Lisa he was experiencing COVID-19 symptoms. Nurse Lisa is not identified as a Defendant in the list of Defendants, but Plaintiff has included her in the caption of his amended complaint. (Amd. Comp., p. 1).  Therefore, the Court will add Defendant Nurse Lisa.

An attachment to Plaintiff's complaint indicates Plaintiff told the Defendant he was not able to taste or smell and he was experiencing hot and cold sweats. (Amd. Comp., p. 9).  Defendant Nurse Lisa stated she would report Plaintiff's symptoms to Defendant Dr. Josie.

When the nurse returned, Plaintiff was moved from his general population cell to a booking cell.  Plaintiff claims the cell was not appropriate for any inmate with medical problems.  The booking cell was used for incoming inmates including

2

intoxicated or mentally ill individuals who came and went throughout the day and night. Plaintiff was unable to rest or sleep.  In addition, Plaintiff says he was denied cleaning supplies and there was "spit, urine, old food, & feces throughout the cell." (Amd. Comp., p. 5). Plaintiff was left in the cell for five days with a fever, aches, and pains.  Defendants Nurse Stephanie and Nurse Lisa also denied Plaintiff any fluids and Defendants Allen and Omelia refused Plaintiff's requests for a shower.

Defendant Nurse Stephanie confirmed Plaintiff had tested positive for COVID-19 and confirmed Plaintiff was running a fever.  Plaintiff says he also has asthma and was suffering with upper respiratory issues.  At times, Plaintiff says he was afraid he would stop breathing.

Defendant Nurse Stephanie told Plaintiff any information concerning his condition would be forward to Defendant Dr. Josie, but Plaintiff says he did not receive any additional medical care and no medications.  Plaintiff was also advised he was the first male inmate to test positive for COVID-19.

Plaintiff remained in quarantine for 20 days without medical care.  Based on the attachment to Plaintiff's complaint, it appears Plaintiff spent the first five days in the booking cell and then moved to a quarantine cell block for the next 14 days. (Amd. Comp., p. 9).

Plaintiff says since he was one of the first COVID-19 cases at the jail, Defendant Dr. Josie would have reported the result to the healthcare provider, Mend Correctional Care.  Therefore, Plaintiff says he has also named Mend as a Defendant since the provider had "full knowledge making them responsible..." (Amd. Comp., p. 6).

3

Plaintiff claims throughout his complaint the Defendants were deliberately indifferent to his medical condition and living conditions. However, it is not clear from Plaintiff's complaint whether he was a pretrial detainee or a convicted prisoner during the relevant time. Plaintiff's status at the jail will determine whether the Fourteenth Amendment's objectively unreasonable standard or Eighth Amendment deliberate indifference standard applies to his claims. *See McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018); *see also Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

Until additional information is provided, Plaintiff's amended complaint alleges Defendant Dr. Josie, Nurse Lisa, and Nurse Stephanie violated his constitutional rights when Plaintiff was originally placed in a booking cell and denied all medications or treatment for COVID-19.

Plaintiff has not articulated a claim against Mend Correctional Care. "[A]n inmate bringing a claim against a corporate entity for a violation of his constitutional right must show that the corporation supports a 'policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Brown v Ghosh*, 2010 WL 3893939 at 8 (N.D. Ill. Sept. 28, 2010) *quoting Woodward v Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). The corporate policy "must be the direct cause or moving force behind the constitutional violation." *Woodward*, 368 F.3d at 927, *quoting Estate of Novack ex rel. v. County of Wood,* 226 F.3d 515, 530 (7th Cir. 2000). Plaintiff has failed to identify a policy or practice which led to a violation of his constitutional rights.

Plaintiff has also alleged Defendants Sergeant Allen and Correctional Officer Omela violated his constitutional rights based on his living conditions during the five days in the booking cell.  Plaintiff does not allege Defendant Dr. Josie ever came to the cell, nor is it clear medical personnel would be responsible for the unclean cell conditions.

The Court notes it is also unclear from Plaintiff's complaint whether he exhausted his administrative remedies for his claims. (Amd. Comp., p. 4).  However, this is an issue better addressed in a motion for summary judgment.  If Defendants chose to file a dispositive motion, they will have to address whether the grievance procedure was available to Plaintiff during the time he was quarantined.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Dr. Josie, Nurse Lisa, and Nurse Stephanie violated his constitutional rights when he was denied medical care and treatment for COVID-19; and 2) Defendants Sergeant Allen and Correctional Officer Omela violated his constitutional rights based on his living conditions during the five days in the booking cell. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.   The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

**8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15 and add Defendants Dr. Brett Josie, Nurse Stephanie, Nurse Lisa, Sergeant Allen, and Correctional Officer Chris Omelia,**

**[11]; 2) Dismiss Defendants Mend Correctional Care and the Rock Island Sheriff's Office for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of July, 2021.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE